Filed 9/23/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>JUAN ANTONIO SAUCEDA,<br><br>　　　Defendant and Appellant. | F071531<br><br>(Super. Ct. Nos. 05CM4286 &<br>06CM0096)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County. Thomas DeSantos, Judge.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Carlos A. Martinez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Appellant Juan Antonio Sauceda appeals from the denial of his petition for resentencing under Penal Code section 1170.18, a statute added by Proposition 47. Appellant unsuccessfully requested a reduction in the sentence imposed on his prior conviction for theft and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). Appellant contends that a conviction under Vehicle Code section 10851 is eligible for resentencing under Proposition 47 because the voters intended that Proposition 47 change the punishment scheme for all automobile thefts through Penal Code section 490.2. Appellant further contends that equal protection concerns require treating convictions under Vehicle Code section 10851 the same as convictions for theft of all other property valued at less than $950, as convictions which are eligible for resentencing. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2006, appellant was sentenced in two separate cases. In Kings County Superior Court case No. 05CM4286, appellant received an eight-year sentence on a conviction under Vehicle Code section 10851, with a prior prison term enhancement. In Kings County Superior Court case No. 06CM0096, appellant received a consecutive eight-year sentence on a conviction under Penal Code section 4532, with a prior prison term enhancement. The facts supporting appellant's prior convictions, including the conduct supporting his conviction and the value of the vehicle involved, are not within the record on appeal.

On December 22, 2014, appellant petitioned for resentencing under Proposition 47, alleging his conviction under Vehicle Code section 10851 was for auto theft and, thus, was subject to resentencing under Penal Code sections 490.2 and 1170.18. The trial court denied the petition.

This timely appeal followed.

**STANDARDS OF REVIEW**

The court's review of the meaning of a voter initiative is de novo. (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1114.)

The determination of a statute's constitutionality is a question of law and is thus considered de novo. (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

**DISCUSSION**

*Proposition 47*

"'On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act [(the Act)] ….' [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).'" (*People v. Morales* (2016) 63 Cal.4th 399, 404 (*Morales*).)

"Proposition 47 also created a new resentencing provision, to wit, [Penal Code] section 1170.18. Under that statute, '[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the [Act] had [the Act] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with' the various statutes that were amended or added by the Act. ([Pen. Code, ]§ 1170.18, subd. (a).)" (*People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1256–1257.)

Prior to enactment, the proposed law for Proposition 47 declared the initiative was offered "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from th[e A]ct into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec.

3.

(Nov. 4, 2014) text of Prop. 47, § 2, p. 70.)[1]  With respect to the intent behind Proposition 47's changes to the law, the proposed law explained "the purpose and intent of the people of the State of California" was to "[e]nsure that people convicted of murder, rape, and child molestation will not benefit from th[e A]ct"; "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes"; and "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors."  (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 3, subds. (1), (3), (4), p. 70.)

According to the Legislative Analyst's analysis provided with the voter's guide, Proposition 47 proposed to "reduce[] the penalties for the following crimes:  [¶]  *Grand Theft* … [¶]  *Shoplifting* …  [¶]  *Receiving Stolen Property* …  [¶]  *Writing Bad Checks* …  [¶]  *Check Forgery* …  [¶ and] *Drug Possession*."  (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, pp. 35–36, italics added.)  The summary explained the proposed changes to grand theft laws.  "Under current law, theft of property worth $950 or less is often charged as petty theft, which is a misdemeanor or an infraction.  However, such crimes can sometimes be charged as grand theft, which is generally a wobbler.  For example, a wobbler charge can occur if the crime involves the theft of certain property (such as cars) or if the offender has previously committed certain theft-related crimes.  This measure would limit when theft of property of $950 or less can be charged as grand theft.  Specifically, such crimes would no longer be charged as grand theft solely because of the type of property involved or because the defendant had previously committed certain theft-related crimes."  (*Id.* at p. 35.)

---

[1]      The voter information guide can be accessed online at <http://vigarchive.sos.ca.gov/2014/general/en/propositions/47/pdf/> [as of Sept. 23, 2016].

With respect to resentencing, the Legislative Analyst's analysis explained that the "measure allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences.  In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 36.)  As our Supreme Court has explained, the analysis "explains in simple language that certain offenders currently serving felony sentences for the reduced crimes may have their sentences reduced to misdemeanor sentences." (*Morales*, *supra*, 63 Cal.4th at pp. 406–407.)

These changes were reflected in added sections to the Government Code (§§ 7599, 7599.1 & 7599.2), amended and added sections to the Penal Code (§§ 459.5, 490.2, 1170.18, 473, 476a, 496 & 666), and amended sections to the Health and Safety Code (§§ 11350, 11357 & 11377).  (See Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 4–14, pp. 70–74.)  To the extent relevant, individual section additions and amendments will be discussed in the context of the analysis.

### *Principles of Construction for Voter Initiatives*

When it comes to interpreting the meaning of laws passed by voter initiative, the court's analysis is governed by the voters' intent.  (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*); *People v. Jones* (1993) 5 Cal.4th 1142, 1146.)  However, the court submits to that intent through application of the well-settled principles of statutory construction applied to legislatively enacted statutes.  (*People v. Arroyo* (2016) 62 Cal.4th 589, 593 (*Arroyo*); *Park*, *supra*, at p. 796.)  "We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.'" (*Park*, *supra*, at p. 796.)  "'"When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'"'" (*Arroyo*, *supra*, at p. 593.)  Ultimately, "'[W]e may not

properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.'" (*Park*, *supra*, at p. 796.)

In this process the court presumes the electorate is "'aware of existing laws and judicial constructions in effect at the time legislation is enacted' [citation], 'and to have enacted or amended a statute in light thereof.'" (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1015 (*Cervantes*); see *People v. Licas* (2007) 41 Cal.4th 362, 367 (*Licas*).) ""'"Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." [Citation.]'" (*Licas*, *supra*, at p. 367.)

In conducting its analysis, the court may encounter potentially conflicting statutory schemes. It is a "well-settled principle of statutory interpretation that 'all presumptions are against a repeal by implication.'" (*Park*, *supra*, 56 Cal.4th at p. 798.) This presumption is not absolute, however. "[T]he provisions of a voter initiative may be said to impliedly repeal an existing statute when '"the two acts are so inconsistent that there is no possibility of concurrent operation,"' or '"the later provision gives undebatable evidence of an intent to supersede the earlier" provision. [Citations.]'" (*Ibid.*)

### *Application of Penal Code Section 1170.18 to Vehicle Code Section 10851*

The primary question before the court is whether an individual convicted of violating Vehicle Code section 10851 is eligible for a reduction in sentence under Penal Code section 1170.18. Penal Code section 1170.18 permits a person currently serving a sentence for a felony conviction "who would have been guilty of a misdemeanor under the [A]ct," had the Act "been in effect at the time of the offense," to petition for "resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [the Act]."

6.

As an initial matter, Vehicle Code section 10851 was not directly modified by Proposition 47 and is not listed as one of the sections under which resentencing can be requested. Any argument that one is eligible for resentencing under Penal Code section 1170.18 when convicted of violating Vehicle Code section 10851 therefore depends upon whether any of the statutes added or modified by Proposition 47 would have led to a misdemeanor conviction, rather than a felony conviction, under Vehicle Code section 10851.

It is argued by appellant that one of the added statutes does just that. Penal Code section 490.2 added an explicit definition for petty theft, which was previously defined pursuant to Penal Code section 488 as simply "[t]heft in other cases," meaning theft not qualifying as grand theft. Penal Code section 490.2 provides: "Notwithstanding Section 487 [defining grand theft generally] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." According to appellant's argument, Vehicle Code section 10851 is a theft crime and, thus, convictions under that statute involve "obtaining any property by theft." (Pen. Code, § 490.2, subd. (a).) Under this reading, if the value of the vehicle involved in the Vehicle Code section 10851 conviction is less than $950, Penal Code section 490.2 mandates that the conviction be for a misdemeanor. If accepted, because the conviction would be a misdemeanor due to Proposition 47, Penal Code section 1170.18 would allow one to petition for resentencing according to Penal Code section 490.2.

The argument, however, is flawed.

***Violating Vehicle Code Section 10851 Is Not Obtaining Any Property by Theft***

Theft is defined by Penal Code section 484. Originally enacted in 1872, California's theft statute was designed to combine the common law crimes of theft by larceny, theft by trick, and theft by false pretenses, such that a conviction could be had

for conduct that satisfies any of the common law crimes regardless of the "'criminal acquisitive techniques'" used to obtain possession of the property. (*People v. Ashley* (1954) 42 Cal.2d 246, 258 (*Ashley*); *People v. Williams* (2013) 57 Cal.4th 776, 785 [also referring to embezzlement].) In simpler terms, theft under California law does not care how property was stolen, only why. Thus, while the common law crimes of theft by larceny, theft by trick, and theft by false pretenses each required a criminal intent to permanently deprive the owner of their property, these crimes were differentiated according to how the property was taken. (*People v. Miller* (2000) 81 Cal.App.4th 1427, 1445–1446; *Ashley*, *supra*, at p. 258.) When one obtains property by theft, one must obtain the property with the requisite intent to commit a common law theft crime.

Vehicle Code section 10851 is different. At the outset, it must be acknowledged that Vehicle Code section 10851 criminalizes conduct that may also qualify as common law theft. (*People v. Garza* (2005) 35 Cal.4th 866, 871 (*Garza*) ["Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft .... For this reason, a defendant convicted under [Vehicle Code] section 10851[, subdivision ](a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction ...."].) Accordingly, one who takes a vehicle with the intent to steal has violated Vehicle Code section 10851. But this fact is not dispositive because a violation of Vehicle Code section 10851 does not require one to have an intent to steal. Vehicle Code section 10851 also criminalizes conduct that either does not rise to the level of theft or does not ultimately qualify as theft. (Veh. Code, § 10851, subd. (a) [defining public offense when one "drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, **whether with or without intent to steal the vehicle**" (boldface & italics added); *United States v. Vidal* (9th Cir. 2007) 504 F.3d 1072, 1082 [finding that Veh. Code, § 10851, subd. (a), extends to cover accessories after the fact and, therefore, covers conduct that

falls outside the generic definition of a theft offense]; *People v. Allen* (1999) 21 Cal.4th 846, 851 (*Allen*) ["[O]n its face Vehicle Code section 10851 can be violated either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding)."].)

For this reason, the sole fact that one has violated Vehicle Code section 10851 does not demonstrate one has obtained any property by theft under the ordinary meaning of the term. (See *Garza*, *supra*, 35 Cal.4th at p. 881 [finding that "once a person who has stolen a car has [completed their journey from the locus of the theft], further driving of the vehicle is a separate violation of [Vehicle Code] section 10851[, subdivision ](a) that is properly regarded as a nontheft offense for purposes of the dual conviction prohibition of section 496(a)"]; *Allen*, *supra*, 21 Cal.4th at pp. 862, 865–866 [burglary accomplished by entering home with intent to commit theft is not functional equivalent of theft offense and, thus, does not prevent concomitant conviction for receiving stolen property obtained in burglary].) Regardless of the underlying conduct supporting the conviction, the statutory requirements for conviction lack all the elements of common law theft because a violation of Vehicle Code section 10851 can be fully and completely satisfied whether or not the required intent for theft has been proven.

Turning back to Penal Code section 490.2, one is guilty of petty theft when "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)." The ordinary meaning of "obtaining any property by theft" in this context is clear. One obtains property by theft when the crime they commit is one of the common law crimes covered by California's theft statute. (Cf. *Allen*, *supra*, 21 Cal.4th at pp. 863 [holding the term "theft" in Pen. Code, § 496 was limited to "the meaning the term has in the general theft statute"].) Thus, if one's conviction does not necessarily require a conviction for theft, the property has not been obtained by theft. Vehicle Code section 10851 does not require a theft occur for conviction. Upon a conviction of the law generally, one is not guilty of

9.

obtaining any property by theft because the law has not required proof of intent to permanently deprive and, thus, none of the crimes covered by California's theft statute have been necessarily met.

There is an argument that a subset of criminal convictions under Vehicle Code section 10851 could be eligible for resentencing due to the California Supreme Court's analysis in *Garza*, *supra*, 35 Cal.4th 866. As noted above, in that case the California Supreme Court found that one convicted of "unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession" has "suffered a theft conviction" for the purposes of Penal Code section 496. (*Garza*, *supra*, at p. 871.) *Garza*, however, appears distinguishable in the context of Proposition 47 on at least three grounds.

First, *Garza* involved the application of a statute designed to codify a common law prescription against double punishment. California has long recognized the common law's prohibition on separate convictions for stealing and receiving the same property. (*People v. Jaramillo* (1976) 16 Cal.3d 752, 757 (*Jaramillo*) [recognizing the "fundamental principle that one may not be convicted of stealing and of receiving the same property"].) However, there were previously dueling interpretations of this principle, one which held that mere evidence supporting a theft offense would bar a receiving stolen property charge and another which held that only conviction of a theft offense would bar such a charge. (*Garza*, *supra*, 35 Cal.4th at p. 875.) In 1992, Penal Code section 496 codified the narrower of the two principles, that an actual conviction of a theft offense is required. (*Garza*, *supra*, at p. 875.) *Garza*, seeking to reconcile this history in relation to a conviction under Vehicle Code section 10851, found that in extremely specific circumstances a conviction under Vehicle Code section 10851 qualified as a theft conviction for the purposes of precluding a conviction under Penal Code section 496. (Garza, *supra*, at pp. 871, 881.)

Contrary to *Garza*, in this case there is no long-standing history suggesting an interplay between a conviction under Vehicle Code section 10851 and the rights

10.

introduced under Proposition 47. Indeed, whereas in *Garza* the law suggested a long-standing right to be protected from double punishment, here the law is being enacted to change a long-standing punishment scheme related to property crime convictions. Thus, there is little reason to see the analysis under *Garza* as applicable in determining whether a conviction under Vehicle Code section 10851 qualifies as grand or petty theft under Proposition 47.

Second, as a legal precedent on the meaning of Vehicle Code section 10851, *Garza* did not hold that all "taking" convictions are necessarily theft offenses. *Garza's* analysis was concerned with situations where the underlying conviction was predicated on facts showing an unlawful taking of a vehicle "with the intent to permanently deprive the owner of possession." (*Garza*, *supra*, 35 Cal.4th at p. 876.) Indeed, taking a vehicle with the intent only to temporarily deprive the owner of their property would not qualify as theft, but would constitute a taking offense under Vehicle Code section 10851. In this context, to be considered a theft offense the record must show the conviction was necessarily for a theft and not for driving the vehicle. (See *Garza*, *supra*, at p. 881.)

As applied to this case, *Garza's* conclusion that Vehicle Code section 10851 can constitute a theft offense is not applicable due to the lack of evidence showing it was "reasonably probable" appellant "took the vehicle but did not engage in any posttheft driving." (*Garza*, *supra*, 35 Cal.4th at p. 872.) In *Garza*, the California Supreme Court concluded that, although Penal Code section 496 could be read to bar a conviction for receiving stolen property when there was a concurrent conviction under Vehicle Code section 10851 for taking the property stolen, it allowed the conviction to stand because such a prohibition could only apply where the facts showed the defendant was only convicted under Vehicle Code section 10851 for a theft offense. (*Garza*, *supra*, at p. 882.) In cases where the facts (or fact of conviction) could support either a theft or

11.

nontheft offense, the dual convictions could stand.[2]  In this case, there is no factual

support for the conclusion that appellant was convicted only of a theft-based Vehicle

Code violation.  We take no position on whether, given such specific limited facts, the

offense may qualify for resentencing.[3]

Third, *Garza's* conclusion that one factual scenario supporting a conviction under

Vehicle Code section 10851 is a theft offense does not indicate that Proposition 47 was

intended to modify the punishment for that type of conviction.  To the contrary, it further

suggests that no modification was intended.  It is presumed that the electorate is aware of

cases bearing on enacted statutory schemes.  (*Cervantes*, *supra*, 225 Cal.App.4th at

p. 1015.)  In that case, the California Supreme Court was abundantly clear that

convictions under Vehicle Code section 10851 cover a wide range of offending conduct,

not all of which constitute theft offenses.  (*Garza*, *supra*, 35 Cal.4th at p. 881 ["further

driving of the vehicle is a separate violation of [Vehicle Code] section 10851[,

subdivision ](a) that is properly regarded as a nontheft offense for purposes of the dual

conviction prohibition of [Penal Code] section 496[, subdivision ](a)"]; *Jaramillo*, *supra*,

16 Cal.3d at pp. 757–758 ["Vehicle Code section 10851 proscribes a wide range of

conduct.  It prohibits taking or driving a vehicle with intent to either permanently *or*

temporarily deprive the owner of title *or* possession of, and *with* or *without* intent to steal

the vehicle.…  The jury could have found [the] defendant guilty of a violation of Vehicle

Code section 10851 simply because some doubt existed as to whether [the] defendant

intended to steal or merely to temporarily deprive the [owners] of possession and to drive

their vehicle."].)  Presuming the electorate was aware that Vehicle Code section 10851

---

**2**    In *Garza*, the California Supreme Court left open whether failing to define the conviction as a theft offense for purposes of Penal Code section 496 could affect recidivist punishments for auto theft such as those under Penal Code section 666.  (*Garza*, *supra*, 35 Cal.4th at p. 882, fn. 3.)  This question does not appear to have been resolved.

**3**    It is the applicant's burden to demonstrate eligibility for resentencing.  (*People v. Johnson* (2016) 1 Cal.App.5th 953.)

12.

did not constitute a theft offense in all instances, there appears little persuasive value in *Garza's* analysis when seeking support for the conclusion that Proposition 47 intended to modify the punishment for Vehicle Code section 10851. Despite precedent demonstrating that Vehicle Code section 10851 extended to conduct constituting both theft and nontheft offenses, punishing them equally, the drafters of Proposition 47 chose not to directly modify the punishment scheme under Vehicle Code section 10851, or otherwise connect their amendments with the statute.

### *Voter Intent Does Not Demonstrate a Desire to Amend Vehicle Code Section 10851*

The conclusion that the ordinary meaning of the term "obtaining any property by theft" does not cover a violation of Vehicle Code section 10851 is further supported by the available evidence showing California voters' intent in passing Proposition 47. The summary statements made in Proposition 47's text only vaguely define the specific scope of the proposition with respect to modifications to the criminal law. For example, the purpose of the law was stated to be "to maximize alternatives for nonserious, nonviolent crime" and its intent was to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, §§ 2, 3, subd. (3), p. 70.) To the extent any real specificity was provided, Proposition 47's text was limiting; explaining that resentencing was only available to those "currently serving a sentence for *any of the offenses listed herein* that are now misdemeanors." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 3, subd. (4), p. 70, italics added.) The statutes listed in the text do not include Vehicle Code section 10851.

The Legislative Analyst's analysis provided a more specific statement to the public based on the proposed legislation. In that document, it was made clear that penalties for only certain crimes, those of grand theft, shoplifting, receiving stolen property, writing bad checks, check forgery, and drug possession would be modified, and

13.

that only persons "currently serving felony sentences *for the above crimes*" could "apply to have their felony sentences reduced to misdemeanor sentences."  (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, pp. 35–36, italics added.)  With respect to grand theft, the analysis explained that the "measure would limit when theft of property of $950 or less can be charged as grand theft" and would eliminate charges of grand theft initiated "solely because of the type of property involved."  (*Id.* at p. 35.)

Reviewing these statements, there is no evidence supporting the claim that Vehicle Code section 10851 would be amended by the provisions of Proposition 47 and, thus, fall within the provisions of Penal Code section 1170.18.  The primary intent expressed in these statements, with respect to this issue at least, is to modify the definitions of grand theft and petty theft in the context of charges for property crimes generally.  There is no suggestion that separately defined offenses that may cover similar conduct will be changed, nor is there any indication that the people intended to eliminate any crimes specifically dealing with automobiles through incorporation of those offenses into the crimes of grand or petty theft.

It is worth noting that the Legislative Analyst's analysis pointed out that a "wobbler charge can occur if the crime involves the theft of certain property (such as cars)" before explaining the "measure would limit when theft of property of $950 or less can be charged as grand theft" and that "such crimes would no longer be charged as grand theft solely because of the type of property involved."  (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.)  These statements do not, however, demonstrate an undebatable intent to modify Vehicle Code section 10851.  (*Park*, *supra*, 56 Cal.4th at p. 798.)  Rather, they are most readily understood as explaining how the definition of grand theft is changing.

Prior to Proposition 47, under Penal Code section 487, grand theft was generally defined by the value of the property stolen, save for three circumstances:  (1) where

14.

property was taken from the person of another; (2) where the property was an automobile; and (3) where the property was a firearm. (Pen. Code, § 487, subds. (c), (d).) In cases where one of these three circumstances occurred, the value of the property was irrelevant to the charge. For all other grand theft crimes under Penal Code section 487—those defined by the value of the property—a petty theft charge was required where the value of the property stolen did not exceed a statutory cap. By enacting Proposition 47, voters changed that scheme to eliminate grand theft charges in all instances where the value of the stolen property supporting the theft charge was below $950. The Legislative Analyst's Office summary plainly describes this change. It does not include language suggesting a wholesale change to all related laws.

### The Overall Statutory Scheme Does Not Demonstrate a Desire to Amend Vehicle Code Section 10851

The conclusion that the ordinary meaning of "obtaining any property by theft" does not cover a violation of Vehicle Code section 10851 is further supported by the general statutory scheme of Proposition 47. As noted above, the amendments to the statutory scheme enacted under Proposition 47 were limited, in the context of this issue, to changing the definition of petty theft by adding Penal Code section 490.2. None of the changes effectuated a substantive change to the criminal laws defining various theft crimes, only changing the punishment scheme enacted to enforce those laws. In light of the focused nature of the changes enacted, there is no evidence in the broader statutory scheme indicating Vehicle Code section 10851 should be considered a common law theft crime subject to punishment under the new grand and petty theft definitions.

In contrast, the statutory scheme indicates that Vehicle Code section 10851 was considered to be separate and distinct from those crimes that constitute grand or petty theft. Prior to the enactment of Proposition 47, Penal Code section 666 doubled the maximum sentence for petty theft (from six months to one year) where the defendant had been convicted of certain prior crimes and had served a prior prison term therefore.

15.

Proposition 47 made no substantive changes to that part of Penal Code section 666, despite eliminating a three strikes clause and making nonsubstantive changes to the prior prison term clause. Thus, as modified, the additional punishment continued to apply to "any person described in subdivision (b) [defining those subject to the enhancement] who, having been convicted of *petty theft*, *grand theft*, a conviction pursuant to subdivision (d) or (e) of [Penal Code] Section 368, *auto theft under Section 10851 of the Vehicle Code*, burglary, carjacking, robbery, or a felony violation of [Penal Code] Section 496" and having served a prior prison sentence, is later convicted of petty theft. (Pen. Code, § 666, subd. (a), boldface & italics added.)

If a general conviction under Vehicle Code section 10851 necessarily constituted "obtaining any property by theft" and, thus, must be sorted between petty and grand theft, there would be no reason to separately identify auto theft from grand and petty theft as a prior crime. (See *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [refusing to construe initiative in way which would exclude the word "any" from the statute because "Significance should be given, if possible, to every word of an act."].) Moreover, the fact that Vehicle Code section 10851 was expressly included in the revised version of Penal Code section 666 demonstrates that the drafters of Proposition 47, and the public, were aware of the statute at the time Proposition 47 was presented to the electorate. The fact that Vehicle Code section 10851 was not amended to conform to the petty theft definition in the face of an explicit mention in the modified sentencing statute as a separate prior offense from grand and petty theft therefore affords a strong inference that Vehicle Code section 10851 was not intended to be a part of, or amended by, the provisions of Proposition 47.[4] (*Licas*, *supra*, 41 Cal.4th at p. 367 [reference to a subject in one statute,

---

[4] This conclusion is also supported by the prior discussion of *Garza*. As noted above, the California Supreme Court concluded that a theft offense only occurs under Vehicle Code section 10851 when the evidence mandates the conclusion that the defendant was convicted of taking a vehicle with the intent to permanently deprive the owner. (*Garza*, *supra*, 35 Cal.4th at

16.

but not in related statutes, shows different intent between the two]; *Park*, *supra*, 56 Cal.4th at p. 798 [all presumptions are against a repeal by implication].)

### *Excluding Vehicle Code Section 10851 From Proposition 47 Does Not Lead to Absurd Results*

Although there is little ambiguity in the language or statutory history, one settled principle of statutory interpretation states that "'consideration should be given to the consequences that will flow from a particular interpretation'" such that ambiguities should not be interpreted in a manner which provides "an absurd result, or a result inconsistent with apparent legislative intent." (*People v. Cruz* (1996) 13 Cal.4th 764, 782–783.) Appellant argues that excluding those that have violated Vehicle Code section 10851 from resentencing would create such an absurdity due to the fact that violation of Vehicle Code section 10851 is considered a lesser included offense of grand theft auto, a violation of Penal Code section 487, subdivision (d)(1), and that the definition of grand theft auto has been modified to constitute a petty theft, according to Proposition 47's addition of Penal Code section 490.2, when the value of the automobile is less than $950.

This argument is flawed for at least three reasons. First, Vehicle Code section 10851 covers more criminal conduct than just what qualifies as a lesser included offense to grand theft auto. As noted above, it also criminalizes conduct such as after-the-fact liability and completed auto theft itself. This shows the statutory penalties are designed to protect against more than just failed grand theft auto prosecutions and highlights a basis for separately punishing these crimes. Second, there is no reason why a lesser included offense must be punished less severely than the primary offense to which it attaches. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 839 (*Wilkinson*) [no equal protection violation where "The Legislature's actions tend to demonstrate it contemplated

---

p. 882.) Thus, the crime as a whole is neither petty nor grand theft and, unless definitively shown otherwise, is not theft at all.

17.

that the ostensible 'lesser' offense of battery without injury sometimes may constitute a more serious offense and merit greater punishment than the 'greater' offense of battery accompanied by injury."].)  Here, such a scheme could rationally be explained by a desire to seriously punish conduct which may affect vulnerable citizens, but which may not qualify as theft, such as temporarily taking a vehicle to prevent a victim from fleeing. Finally, given the explanation from the Legislative Analyst's Office summary that Proposition 47 is designed to modify the definition of a limited set of crimes, specifically grand theft, the true absurdity would appear to occur where a specific and separately designated legislative scheme is dismantled due to an overreliance on the Penal Code theft statute.  Accepting that Vehicle Code section 10851 is subject to resentencing under Proposition 47 would not only read new elements into that statute, effective as to only a portion of the conduct criminalized therein, but would specifically undue a separate legislative act that regulates the taking of automobiles with or without the intent to steal. This appears to be the more absurd result of the two.

For all of these reasons, a violation of Vehicle Code section 10851 should not be considered eligible for resentencing under Penal Code section 1170.18.

### The Equal Protection Clause Does Not Require a Different Result

As an alternative argument in support of the claim that Vehicle Code section 10851 falls within the ambit of Proposition 47, appellant argues that the equal protection clause requires those convicted under Vehicle Code section 10851 to be treated equally with those who have been convicted of theft involving an automobile or other low-value property.  This argument fails on well-settled principles.

#### Summary of Equal Protection Principles

"The concept of equal treatment under the laws means that persons *similarly situated* regarding the legitimate purpose of the law should receive like treatment. [Citation.]  '"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more

similarly situated groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged.""" (*Morales*, *supra*, 63 Cal.4th at p. 408.)

If this showing is met, a further analysis is undertaken. "'The concept [of equal protection] recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not … require absolute equality. [Citations.] Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination.'" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 675.) "'In resolving equal protection issues, the United States Supreme Court has used three levels of analysis. Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose.'" (*Ibid.*)

### There Is No Indication Similarly Situated Defendants Are Receiving Disparate Treatment

There are two variations of the equal protection argument presented in the briefing. In the first, the two alleged groups of similarly situated persons are those that have stolen general property worth less than $950 and those that have stolen a vehicle worth less than $950. In the second, the two alleged groups are those that are charged with petty theft under the Penal Code for stealing a vehicle worth less than $950 and those charged with a felony for stealing a vehicle worth less than $950 under Vehicle Code section 10851. The first is essentially a variation of the second, as the difference in results turns on the fact that there are different statutes punishing general property theft crimes and vehicle thefts in that instance. In both examples, therefore, the groups are not similarly situated.

Under the instruction of *United States v. Batchelder* (1979) 442 U.S. 114, the California Supreme Court has definitively held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*Wilkinson*, *supra*, 33 Cal.4th at p. 838.) Absent an argument that one was "'singled out deliberately for prosecution on the basis of some invidious criterion,'" there is no cognizable claim that equal protection principles have been violated due to different statutes providing different penalties for similar conduct. No such additional allegations have been made here and, thus, there has been no showing of disparate treatment sufficient to trigger a further equal protection inquiry.

It is worth noting that the framing of this issue in the briefing is generally ancillary to the true issue that must be decided when resentencing requests have been denied. More germane to the issues faced by appellant here is the argument that persons originally sentenced under Vehicle Code section 10851 for conduct qualifying as vehicle theft where the value of the vehicle is less than $950, are similarly situated to those who were previously sentenced under the Penal Code for grand theft auto where the value of the vehicle was less than $950, but are being treated differently because those sentenced under Vehicle Code section 10851 are not eligible for resentencing while those convicted of grand theft auto are eligible for resentencing in certain circumstances. However, this argument fails as well because there is no obligation to make sentencing provisions retroactive. "Persons resentenced under Proposition 47 were serving a proper sentence for a crime society had deemed a felony (or a wobbler) when they committed it. Proposition 47 did not have to change that sentence at all. Sentencing changes ameliorating punishment need not be given retroactive effect. '"The Legislature properly may specify that such statutes are prospective only, to assure that penal laws will

maintain their desired deterrent effect by carrying out the original prescribed punishment as written.""" (*Morales*, *supra*, 63 Cal.4th at pp. 408–409.)[5]

For these reasons, there is no violation of equal protection requiring the court to construe Proposition 47 to include violations of Vehicle Code section 10851 for the purposes of determining eligibility for resentencing.

**DISPOSITION**

The judgment is affirmed.

_____
KANE, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
POOCHIGIAN, J.

---

**5**      Even if it were shown that similar groups were being treated differently for the purposes of Penal Code section 1170.18, a rational basis analysis applies.  As discussed above, it is possible to imagine a rational basis for treating charges brought under the Vehicle Code differently from other property theft offenses, even where overlap exists, as the Vehicle Code criminalizes a much broader range of conduct and may be designed to further different goals. (See *Wilkinson*, *supra*, 33 Cal.4th at pp. 839–840 [decision of how long a particular punishment should be is left to the Legislature, provided they act rationally].)