[Crim. No. 793. Second Appellate District, Division One.—July 26, 1921.]

THE PEOPLE, Respondent, v. ED. R. MARTIN, Appellant.

[1] CRIMINAL LAW—EMBEZZLEMENT—LEASED PERSONAL PROPERTY—OWNERSHIP—EVIDENCE.—A defendant charged with the crime of embezzlement in removing, concealing, and disposing of an automobile which had been leased to him cannot contend that the ownership of the machine was not in the person named in the information by reason of the fact that after the delivery of the automobile to the defendant such person had made a bill of sale thereof to a bank, where it appeared that the bill of sale was given as security for money advanced as a loan to such person by the bank on the contract.

[2] ID.—ENACTMENT OF SECTION 504A, PENAL CODE—SUFFICIENCY OF TITLE—CONSTITUTIONAL LAW.—Section 504a of the Penal Code is not void on the ground that its adoption was in violation of section 24, article IV, of the constitution, which provides that every act shall embrace but one subject, which subject shall be expressed in its title.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. A. Howell and Allan Brant for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

CONREY, P. J.—The defendant has appealed from a judgment convicting him of the crime of embezzlement, and from an order denying his motion for a new trial.

Section 504a of the Penal Code was added to that code by an act entitled "An Act to Add a New Section to the Penal Code to be Numbered Five Hundred Four *a*, Relating to the Removal and Disposition of Leased Property." The section reads as follows: "Every person who shall fraudulently remove, conceal or dispose of any goods, chattels or effects, leased or let to him by any instrument in writing, or any personal property or effects of another in his possession, under a contract of purchase not yet fulfilled, and any person in possession of such goods, chattels, or effects knowing them to be subject to such lease or contract of purchase who shall so remove, conceal or dispose of the same with intent to injure or defraud the lessor or owner thereof, is guilty of embezzlement." (Stats. 1917, p. 273.) As stated in the information, the defendant was charged with the crime of embezzlement in that he did, with intent to defraud W. B. Conniry, remove, conceal, and dispose of a described automobile, the personal property of Conniry, which had been leased to defendant by Conniry. Two grounds of appeal have been presented in argument: (a) variance between the proof and the charge in the information, in that the evidence proved that the ownership of the automobile was not in Conniry and that the offense, if committed at all by the defendant, was not committed in the county of San Diego; (b) that the above-mentioned section of the Penal Code is unconstitutional because its adoption was in violation of section 24, article IV, of the state constitution, which provides that every act shall embrace but one subject, which subject shall be expressed in its title.

[1] The evidence, which was unconflicting on this point, proved that after Conniry had delivered the automobile to defendant on the lease contract, and before the time when defendant is alleged to have committed the crime, Conniry executed and delivered to the First National Bank of San Diego a bill of sale of the automobile. But it further appeared that this bill of sale was given to the bank as

security for money advanced as a loan to Conniry by the bank on the contract. If the jury believed this testimony (and it is undisputed), the only proper conclusion to be drawn was that Conniry remained owner of the automobile. Where a transfer of property is made in form sufficient to convey title, but the instrument was made only to secure a debt, it does not pass title. (*Smith* v. *Smith,* 80 Cal. 323, [21 Pac. 4, 22 Pac. 186, 549]; *Shattuck & Desmond etc. Co.* v. *Gillelen,* 154 Cal. 778, 784, [99 Pac. 348].)

The defendant testified that at the time when he drove the automobile out of San Diego County he had not any intention to conceal it or take it away from southern California; and that he did not decide to take the property out of the state, or to sell it, until after he had left San Diego County. But there were abundant circumstances in evidence upon which the jury was authorized to determine that the intent to commit the offense existed at the time when defendant removed the property from San Diego County.

[2] The contention that the statute by which section 504a of the Penal Code was enacted is void by reason of insufficiency in its title is entirely without merit. (*Deyoe* v. *Superior Court,* 140 Cal. 476, 488, [98 Am. St. Rep. 73, 74 Pac. 28].)

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.