Filed 8/31/16  P. v. Walker CA4/2
*See dissenting opinion.*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064513 |
| v. | (Super.Ct.No. FVI08775) |
| LATOI PATRICE WALKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Raymond L. Haight III, Judge.  Affirmed.

Eric S. Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

1

## FACTUAL AND PROCEDURAL HISTORY

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47); it went into effect the following day. Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. It added and amended sections of the Penal Code. Penal Code section 1170.18 was added and provides that a person currently serving a sentence for a felony conviction, whether by trial or plea, who would have been guilty only of a misdemeanor had Proposition 47 been in effect at the time the plea was entered, or at the time of trial, may petition for a recall of the sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing.

On February 23, 1999, prior to the passage of Proposition 47, defendant and appellant Latoi Patrice Walker entered a guilty plea to unlawfully driving or taking a vehicle, a 1985 Nissan Sentra, without the owner's permission under Vehicle Code section 10851, subdivision (a). In exchange for the plea, defendant received a stipulated sentence of 16 months in state prison.

On July 29, 2015, defendant filed a petition to recall his sentence (Petition) stating that his felony conviction should be reduced to a misdemeanor. On August 4, 2015, the trial court denied the petition on the ground that Vehicle Code section 10851 subdivision (a), was not eligible for resentencing under Proposition 47.

On appeal, defendant contends that Penal Code section 1170.18 should be broadly interpreted to include violations of Vehicle Code section 10851, and be reduced to a misdemeanor.

2

We affirm the denial of defendant's Petition.

## DISCUSSION

Defendant claims that Penal Code section 1170.18 should be interpreted to include Vehicle Code section 10851[1] as a felony that can be reduced to a misdemeanor violation of Penal Code section 490.2. We affirm the denial of defendant's Petition because he failed to meet his burden of alleging facts that he was eligible for resentencing under Penal Code section 490.2.

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.) "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.) "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of

---

[1] Vehicle Code section 10851 provides, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment." This section "'proscribes a wide range of conduct [and may be violated] either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).'" (*People v. Garza* (2005) 35 Cal.4th 866, 876.)

the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.'" (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Proposition 47 added Penal Code section 1170.18 to the Penal Code. Subdivision (a) of Penal Code section 1170.18, provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 1170.18, subdivision (f) provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or

4

felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Penal Code section 1170.18, subdivision (h) provides: "Unless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)."

As relevant to this case, Vehicle Code section 10851 is not listed in Penal Code section 1170.18, and the issue of whether a defendant is eligible for resentencing for a violation of that section is currently under review in the California Supreme Court in *People v. Page* (2015) 241 Cal.App.4th 14, review granted, January 27, 2016, S230793. We only briefly address the possibility that a violation of Vehicle Code section 10851 could be reduced to a misdemeanor under Proposition 47.

Section 490.2 was added to the Penal Code. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 490.2 provides in pertinent part, "Notwithstanding [Penal Code s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Penal Code section 487, subdivision (a), provides that if the value of the money, labor, real or personal property taken exceeds $950, the offense is a felony. Penal Code section 487, subdivision (d)(1), provides that grand theft occurs if the property is an automobile, regardless of the value.

5

Penal Code section 1170.18 clearly states that a defendant must show he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under Penal Code section 490.2, which was added to the Penal Code, defendant had to allege facts in the Petition that he would have been guilty of a misdemeanor violation of Penal Code section 490.2 rather than the felony conviction. It is true that Vehicle Code section 10851 is not listed in Penal Code section 1170.18. However, Vehicle Code section 10851 can be violated by the taking of a vehicle with the intent to permanently deprive the owner of the vehicle. Assuming that a defendant takes a vehicle valued under $950, such violation could constitute a violation of Penal Code section 490.2.

However, in this case, defendant failed to prove that the value of the vehicle in this case was under $950, or to allege any facts to support that he was eligible for resentencing. The petitioner has the burden of establishing eligibility for relief under Penal Code section 1170.18. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 (*Sherow*).)

In *Sherow*, the defendant was ultimately convicted of five counts of second degree burglary, and filed a petition to recall his sentence, which was denied. As set forth in the opinion, "[The defendant] appeals challenging only the decision as to counts 1 and 2. He contends the record does not show the loss as to each count exceeded $950 and thus the two counts should be resentenced as misdemeanors. [The defendant]'s petition sought resentencing as to all five counts without any separate discussion of the counts, no reference to facts or evidence and no argument." (*Sherow*, *supra*, 239 Cal.App.4th at p.

6

877.) The People responded that the defendant had failed to meet his burden under Penal Code section 1170.18 to show the losses did not exceed $950. (*Sherow*, at p. 877.) The defendant, in turn, argued that his "blanket request" to reduce his convictions to misdemeanors, without any discussion or elaboration, placed the burden on the prosecution to discern whether he was eligible for relief under Proposition 47. (*Id.* at p. 878.)

The *Sherow* court observed that, "Proposition 47 does not explicitly allocate a burden of proof." (*Sherow*, *supra*, 239 Cal.App.4th at p. 878.) The court stated that "applying established principles of statutory construction I believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing. In such cases, it is important to keep in mind a person . . . was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bear[s] the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id.* at p. 878.)

The *Sherow* court also referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, "'The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the initial

burden of proving the value of the property did not exceed $950.'" (*Sherow*, *supra*, 239 Cal.App.4th. at p. 879.)

The *Sherow* court determined that the defendant's petition, which gave "virtually no information" regarding his eligibility for resentencing, was properly denied. It further noted that "[a] proper petition could certainly contain at least [the defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880; accord *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 ["Under *Sherow* [the defendant] had the burden to establish 'the facts, upon which his . . . eligibility [was] based[,]' i.e. that the value of the property he took from the store did not exceed $950"].)

Here, defendant's Petition only stated that he had been convicted of violating Vehicle Code section 10851. No further facts regarding his eligibility for resentencing were provided. Defendant did not allege that although Vehicle Code section 10851 is not listed in Proposition 47, he was otherwise eligible because his offense constituted a theft offense under Penal Code section 490.2. Based on the foregoing, defendant was not entitled to resentencing under Penal Code section 1170.18 because he did not meet his burden of showing he was eligible for resentencing under Proposition 47.

8

**DISPOSITION**

The trial court's order denying defendant's petition to recall his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

I concur:

McKINSTER
Acting P. J.

[*People v. Walker*, E064513]

Slough, J., Dissenting.

I believe a defendant convicted of violating Vehicle Code section 10851, subdivision (a) (Section 10851) who establishes he was convicted of taking a vehicle valued at $950 or less with the intent to permanently deprive the owner of possession is eligible for resentencing under Penal Code section 490.2, subdivision (a) (Section 490.2).[2] The majority concludes only that it is possible Section 10851 "can be violated by the taking of a vehicle with the intent to permanently deprive the owner of the vehicle." (Maj. opn. *ante*, at p. 6.) I would go further and conclude the superior court committed reversible error by concluding Section 10851 convictions are categorically ineligible.

I believe the argument for the eligibility of Section 10851 theft convictions is quite simple under Supreme Court precedent and the plain text of the statute. "[A] defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a *theft conviction*." (*People v.*

_____

[2] California appellate courts are divided on this issue, and we have not yet received guidance from the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 29, 2016, S232250; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150; *People v. Orozco* (2016) 244 Cal.App.4th 65, rehg. granted Feb. 8, 2016, sub. opn. not certified for pub.; *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344; see also *People v. Gomez* (2016) 243 Cal.App.4th 319, rhg. granted Jan. 11, 2016, sub. opn. not certified for pub., review granted June 23, 2016, S233849; *People v. Johnston* (2016) 247 Cal.App.4th 252, review granted July 13, 2016, S235041.)

*Garza* (2005) 35 Cal.4th 866, 871, second italics added.) Under Section 490.2, a person commits petty theft by "obtaining *any* property *by theft* where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)."**[3]** (Italics added.) A car is property, not otherwise specifically excluded from the scope of Section 490.2. (See *People v. Martin* (1921) 53 Cal.App. 671, 672 [recognizing automobiles are personal property]; cf. Pen. Code, § 487, subd. (d)(1) [defining car theft as grand theft (and a wobbler) regardless of value before Proposition 47].) So, an offender who obtains a car valued at $950 or less by theft has committed petty theft.

Further, Section 490.2 mandates any theft of property valued at less than $950 "*shall* be considered petty theft and *shall* be punished as a misdemeanor."**[4]** (Italics added.) Thus, the statute specifically directs prosecutors will *not* have discretion to charge a theft of low-value property, including a low-value car, as a felony. Allowing prosecutors the discretion to charge offenses that are by definition petty theft crimes as felonies under Section 10851 ignores that statutory mandate and directly contravenes the express purpose of the statute to remove prosecutorial discretion to charge low-value car

---

**[3]** The clause "Notwithstanding Section 487 or any other provision of law defining grand theft," at the beginning of Section 490.2 does not support a different construction. The clause is set off by a comma, which indicates it is nonrestrictive; omitting it does not alter the meaning of the remainder of the sentence. (Chicago Manual of Style (15th ed. 2003) § 6.38, p. 250.) As a result, Section 490.2's direction that "any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor" means what it appears to mean on its face.

**[4]** The statute makes an exception for certain violent or serious recidivists.

thefts as felonies. Thus, as I interpret the plain statutory text, to prosecute a Section 10851 *theft* offense after passage of Proposition 47, prosecutors must prove the value of the vehicle exceeds $950. Otherwise, they must prosecute the theft as petty theft under Section 490.2. It follows a petitioner like Walker, if he proves he suffered a low-value car *theft* conviction, is eligible for resentencing because he would have been guilty of misdemeanor petty theft had Proposition 47 been in effect at the time he committed the offense. (Pen. Code, § 1170.18, subd. (g).)

I also disagree with the majority's disposition of the case. Despite the superior court's legal error, the majority affirms the superior court's erroneous order on the ground Walker's petition did not include evidence to show his offense was a *theft* offense or the value of the automobile he took did not exceed $950. I believe it is a mistake to reflexively reject petitions as deficient. The superior court has discretion to allow a petitioner who has not provided enough information to amend the petition or submit additional evidence, to resolve a petition by looking to court records to determine eligibility, and to order a hearing. (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 108 ["[T]rial courts have substantial flexibility to devise practical procedures to implement Proposition 47, so long as those procedures are consistent with the proposition and any applicable statutory or constitutional requirements"].) Because the superior court ruled Walker's conviction was categorically ineligible, it had no reason to reach the issues of value and whether the conviction was for theft as opposed to driving.

In general, courts are required to be liberal in allowing amendments, permitting amendment whenever it is reasonably possible a party can cure a pleading insufficiency.

3

(*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386 [failure to grant leave to amend complaint where there is a reasonable possibility the plaintiff can cure the defect "is an abuse of discretion"]; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028; see also 4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Pretrial Proceedings, § 242, p. 501; *People v. Duvall* (1995) 9 Cal.4th 464, 482 [habeas petitions].) I see no reason to employ a different standard in handling Proposition 47 petitions.

Here, if the trial court had reached the point of exercising its discretion, there was sufficient information in the record for it to conclude there was a reasonable possibility Walker could successfully amend his petition. Walker was convicted of either taking or driving a 1985 Nissan in 1999. Accordingly, I would reverse the superior court's order denying his petition and remand for further proceedings. On remand, I would allow the superior court to exercise its discretion whether determining eligibility requires augmentation of the factual record and, if so, whether to accomplish that end by ordering Walker to amend his petition or ordering the parties to supplement the record at an evidentiary hearing.

4

It is particularly important to recognize this right to amend Proposition 47 pleadings when the alternative is that the defendant loses his potentially meritorious right to resentencing.  "An amendment should be allowed where the defect, though one of substance, may possibly be cured by supplying omitted allegations, and the plaintiff has not had a fair opportunity to do so."  (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 995, p. 407, citing *MacLeod v. Tribune Publishing Co.* (1959) 52 Cal.2d 536, 542.) The Riverside County Superior Court's mandatory form contains no indication the law requires petitioners to include any support whatsoever for the boxes they check.  (See, e.g., *People v. Perkins* (2016) 244 Cal.App.4th 129, 135-137.)  Indeed, even the text of the statute does not inform the petitioner evidence is required at the pleading stage.  Penal Code section 1170.18, subdivision (a) states only that an offender may "petition for a recall of sentence."  The requirement to attach evidence to a petition arose after the passage of Penal Code section 1170.18, when appellate courts put a gloss on the statutory text.  (See *People v. Sherow* (2015) 239 Cal.App.4th 875; *People v. Perkins*, *supra*, 244 Cal.App.4th 129.)  In *Sherow* and *Perkins*, the appellate courts recognized the unfairness of enforcing this rule against petitioners with no notice of its effect by affirming orders denying petitions without prejudice.  The majority declines to follow the practice in this case without explanation.  From that decision too I dissent.

SLOUGH_____

J.

5