Filed 3/23/17
*See Dissenting Opinion*

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E066432 |
| v. | (Super.Ct.No. FVI010754) |
| CHARLES SAMUEL VAN ORDEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Colin J. Bilash, Judge. Reversed with directions.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

Like *People v. Garza* (2005) 35 Cal.4th 866 (*Garza*), this case "involves the interplay between two criminal law statutes: one a provision of the Penal Code, the other a provision of the Vehicle Code." (*Id.* at p. 871.) In *Garza*, the court considered the interplay between Vehicle Code section 10851 (unlawful taking or driving a vehicle, hereafter section 10851) and Penal Code section 496 (receiving stolen property). This case involves the interplay between section 10851 and Penal Code section 490.2 (petty theft, hereafter section 490.2).

Defendant Charles Van Orden appeals the court's order denying his petition under the Safe Neighborhoods and Schools Act (Proposition 47) to have his felony section 10851 conviction reduced to misdemeanor petty theft under section 490.2. The People argue the trial court was correct in concluding section 10851 offenses cannot qualify as petty theft offenses under any circumstances.

Proposition 47, enacted by California voters in November 2014, reduced certain felony theft-related offenses to misdemeanors when the value of the stolen property does not exceed $950. The initiative also created a procedure to allow defendants who previously suffered felony convictions for offenses that are now classified as misdemeanors under Proposition 47 to petition the trial court to reduce their convictions to misdemeanors and to resentence them, if they are still serving time on their convictions. (Pen. Code, § 1170.18, subds. (a), (f).) Section 490.2, the provision at issue here, redefines the crime of petty theft as "obtaining any property by theft where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950)."

2

(§ 490.2, subd. (a).) Section 490.2 also directs any petty theft, so defined, *shall* be punished as a misdemeanor. The provision codifies the electorate's determination that low-value thefts should be punished as misdemeanors in all cases, removing the discretion prosecutors previously possessed to punish such crimes as felonies. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 132-133.)

The issue on appeal is whether Van Orden's conviction for violating section 10851, which criminalizes the act of unlawfully taking *or* driving a vehicle (*Garza*, *supra*, 35 Cal.4th at p. 871), would have been a misdemeanor petty theft under section 490.2 had Proposition 47 been in effect at the time of the offense. As the California Supreme Court has explained, "[u]nlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away." (*Garza*, at p. 871.) "For this reason, a defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction" (*ibid.*) and, it follows, must be punished under section 490.2 of petty theft. "On the other hand, unlawful *driving* of a vehicle is not a form of theft when the driving occurs or continues after the theft is complete (for convenience, we will refer to this as posttheft driving)." (*Garza*, at p. 871.) "Therefore, a conviction under section 10851(a) for posttheft driving is not a theft conviction" (*ibid.*) and, it follows, need not be punished under section 490.2 as petty theft.

3

Applying the categories of section 10851 violations articulated in *Garza*, we conclude Proposition 47 applies to section 10851 theft convictions when the value of the vehicle is $950 or less, but not convictions based on driving, no matter the value. To determine whether a particular section 10851 conviction is for theft or driving, it is useful to distinguish the four kinds of section 10851 violations—pure theft, pure driving, driving theft, and posttheft driving. *Pure theft* is theft accomplished without driving the vehicle, for example, conveying "by auto freight . . . the stolen automobile directly into a public warehouse." (*People v. Cuevas* (1936) 18 Cal.App.2d 151, 153 (*Cuevas*).) *Pure driving* is an offense commonly referred to as joyriding, which involves an intent to only temporarily deprive the owner of possession. (*Garza*, *supra*, 35 Cal.4th at p. 876.) *Driving theft* is theft accomplished by driving the vehicle away. (*Id.* at p. 880.) *Posttheft driving* is driving the vehicle after there has been a "substantial break" from the theft. (*Ibid.*; *People v. Kehoe* (1949) 33 Cal.2d 711 (*Kehoe*).) Only pure theft and driving theft are theft offenses redefined as petty theft under Proposition 47 when the stolen vehicle is of low value. The other two categories are not theft but driving offenses and are, for that reason, still chargeable as felonies under section 10851 and ineligible for Proposition 47 relief.

The record in this case shows Van Orden stole a $700 car, drove it into a reservoir, and left it there. He is therefore guilty of a driving theft of a low-value car, which is a theft conviction and would have been petty theft had Proposition 47 been in effect at the time of his offense. We conclude Van Orden was eligible for relief under Penal Code

4

section 1170.18 (hereafter section 1170.18) and remand to the trial court with directions to grant the petition.

# I

# FACTUAL BACKGROUND

According to the probation report, on November 8, 1999, the victim reported Van Orden, her boyfriend of one month, had stolen her 1979 Toyota Celica after an argument. The victim accompanied the police to Van Orden's home, where he admitted he had taken the car and driven it into a nearby reservoir. Van Orden led the police to the reservoir where they found the car with all of its windows broken, tires flat, and rims bent.

The San Bernardino County District Attorney charged Van Orden with felony violation of section 10851 (count 1) and misdemeanor vandalism in violation of Penal Code section 594, subdivision (a) (count 2). As to count 1, the complaint alleged "[o]n or about November 8, 1999," Van Orden "did unlawfully drive and take a certain vehicle, to wit, [a] 1979 Toyota Celica, . . . then and there the personal property of [the victim] without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle."

On November 19, 1999, the court accepted Van Orden's plea of nolo contendere to count 1. At the sentencing hearing on February 23, 2000, the court dismissed the vandalism count, sentenced Van Orden to 90 days in jail, and ordered him to pay the

5

victim $700 in restitution, which is the amount the victim said she paid for the Celica two months before.

On April 13, 2016, Van Orden filed a section 1170.18 petition asking the trial court to reduce his felony section 10851 conviction to a misdemeanor. The People responded Van Orden was not entitled to relief because section 10851 "is not covered" by Proposition 47. At the hearing on the petition, the court acknowledged Proposition 47's application to section 10851 was under review by the California Supreme Court, and stated, "Given the current state of the law, 1170.18—motion denied. Obviously, all these cases are subject to revisiting should the issue be resolved."

Van Orden timely appealed.

## II

## DISCUSSION

Van Orden contends his section 10851 conviction qualifies for reduction to misdemeanor section 490.2 petty theft under Proposition 47. We agree.

A.    *Theft Versus Driving Convictions Under Section 10851*

Section 10851, which bears the title, "Theft and unlawful driving or taking of a vehicle," provides in relevant part, "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense." (§ 10851, subd. (a).) Section 10851 violations are wobbler offenses, "[to] be punished by

6

imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment." (*Ibid.*)

As our high court explained decades ago, section 10851 "proscribes a wide range of conduct." (*People v. Jaramillo* (1976) 16 Cal.3d 752, 757.) "It prohibits taking or driving a vehicle with intent to either permanently or temporarily deprive the owner of title *or* possession of, and *with or without* intent to steal the vehicle." (*Ibid.*) More recently, in *Garza*, the California Supreme Court provided additional guidance on the basic operation of section 10851. *Garza* involved the application of the common law prohibition on separate convictions for stealing and receiving the same property in circumstances where a defendant has been convicted of violating both section 10851 and Penal Code section 496 (receiving stolen property). (*Garza*, *supra*, 35 Cal.4th at p. 871.) The court explained section 10851 convictions could be either theft convictions or driving convictions, and a receiving stolen property conviction could stand only if the section 10851 conviction was not a theft conviction. (*Garza*, at p. 871.) The specific issue in our case differs from the ultimate issue in *Garza*, but the court's parsing of section 10851 theft and driving violations informs our application of Proposition 47 to section 10851.

*Garza* demonstrates section 10851 covers four separate kinds of offenses. These offenses can be understood to fall on a spectrum, with pure theft and pure driving at opposite ends and driving theft and posttheft driving in between. Pure theft occurs when

7

a defendant unlawfully takes a vehicle, without actually driving it, "with the intent to permanently deprive the owner of possession." (*Garza*, *supra*, 35 Cal.4th at p. 871.) "It easily might be that some criminally minded person would steal an automobile by the use of means other than by driving it away; for example, either a new automobile, direct from the manufacturer thereof and not yet unloaded from the railroad car upon which it had been transported, or a wrecked automobile, might either be towed, or loaded on a truck." (*Cuevas*, *supra*, 18 Cal.App.2d at p. 153.)

In contrast, pure driving, commonly known as joyriding, is defined by driving a vehicle "with the intent *only to temporarily deprive* its owner of possession." (*Garza*, *supra*, 35 Cal.4th at p. 876, italics added.) Pure driving is well-illustrated by the antics of the hooky-playing teens in John Hughes' classic 1980s film Ferris Bueller's Day Off (Paramount Pictures 1986). The Chicago District Attorney most certainly could have charged Ferris with joyriding in violation of section 10851 for convincing Cameron to take his father's Ferrari for a spin to engage in adolescent hijinks.

The third kind of offense, driving theft, is theft accomplished by driving the vehicle away from the owner's possession. (*Garza*, *supra*, 35 Cal.4th at p. 880.) The fourth, posttheft driving, is driving that "occurs or continues after the theft is complete." (*Id.* at p. 871.) We return to the movies to illustrate. There has perhaps never been a film with more examples of driving theft than the action-fueled heist caper Gone in 60 Seconds (Touchstone Pictures 2000, a remake of the 1974 film), where the main character, played by Nicolas Cage, must steal 50 exotic cars in one night to save his

8

brother from the hands of an evil mobster.  Cage and his team steal the cars by hotwiring them and driving them directly to a dockside warehouse.  In this film, the driving is done solely to accomplish the theft.  By contrast, in Bonnie and Clyde (Warner Bros. 1967), Warren Beatty, as Clyde Barrow, stole a car he and Bonnie (Faye Dunaway) used to drive off and begin their notorious crime spree.  Warren Beatty crossed the line into posttheft driving; Nicolas Cage did not.

The four categories we identify will aid the determination of whether a Proposition 47 petitioner's conviction is for theft or unlawful driving.  Under *Garza*, pure theft and driving theft are "theft conviction[s]."  (*Garza*, *supra*, 35 Cal.4th at p. 871.)  Posttheft driving "is not a theft conviction" because that type of driving "continues after the theft is complete."  (*Ibid*.)  Pure driving is also not a theft conviction because it involves an intent to deprive the owner of the vehicle only temporarily.  (*Id.* at p. 876.)  Section 10851 theft convictions would fall under Proposition 47's purview, depending on the value of the stolen vehicle, because they involve "obtaining . . . property by theft."  (§ 490.2.)  Section 10851 driving convictions, on the other hand, will always fall outside the scope of Proposition 47 because the initiative applies only to drug and theft-related offenses. (*People v. Evans* (2016) 6 Cal.App.5th 894, 900, review granted Feb. 22, 2017, S239635; Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70, at <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of Mar. 21, 2017].)

9

Pure driving and pure theft cases are easy to recognize, but we must be able to distinguish between driving theft and posttheft driving. When distinguishing between these two offenses, the question is, when does driving to accomplish the theft end and posttheft driving begin?

In *Garza*, the court explained "[w]hether vehicle driving is legally separable from vehicle taking—depends on whether the driving continues after the taking of the vehicle is complete." (*Garza*, *supra*, 35 Cal.4th at p. 880, fn. 2.) However, the court noted it was not necessary on the facts before it to decide the test for when section 10851 driving theft becomes posttheft driving.[1] (*Id.* at p. 880.) In *Kehoe*, a much earlier case, the California Supreme Court held there must be a "substantial break" between the taking and the subsequent driving in order for the defendant to be convicted of both stealing (Pen. Code, § 487) and unlawfully driving (§ 10851) a vehicle. (*Kehoe*, *supra*, 233 Cal.2d at p. 715.)

Following *Kehoe*, appellate courts have applied the "substantial break" test to determine whether a section 10851 conviction is a driving or theft offense. In *People v. Malamut* (1971) 16 Cal.App.3d 237, the Second District concluded the defendant's section 10851 conviction was for posttheft driving because there was a "substantial break"—a "lapse of a substantial period of time"—between when the defendant stole the car and when the police caught him in the car (62 days, specifically). (*Malamut*, at p. 242.) The section 10851 offense took place "in an entirely different location" than the

_____

[1] The court suggested in dicta that posttheft driving might be defined as any driving which occurs after "the taker reaches a place of temporary safety." (*Garza*, *supra*, 35 Cal.4th at p. 880.)

10

theft and was "obviously for purposes unconnected with the original taking." (*Malamut*, at p. 242.) As a result, the court concluded separate theft and driving convictions could stand. (*Ibid.*)

In *People v. Strong* (1994) 30 Cal.App.4th 366, this court applied the "substantial break" test to determine whether a section 10851 offense was for theft or unlawful driving to decide whether the defendant could be convicted under section 10851 and also under Penal Code section 496 of receiving the same property. We determined the defendant's section 10851 conviction was for posttheft driving as opposed to theft because "[f]our days had elapsed" since "the original crime of taking had . . . been completed." (*People v. Strong*, at p. 375.) As a result, the defendant's section 10851 conviction could stand alongside his receiving stolen property conviction without violating the common law rule.

The "substantial break" test allows a court to determine whether a section 10851 conviction is for pure theft or posttheft driving. We therefore conclude the test applies to determining whether a section 10851 conviction qualifies for relief under section 1170.18.

B.     *Low-Value Car Theft Is Petty Theft Under Section 490.2*

As noted, Proposition 47 redefined the offense of petty theft by adding section 490.2 to the Penal Code. Before Proposition 47, petty theft was defined in the negative, by what it was not. Penal Code section 486 provides that all theft "is divided into two degrees, the first of which is termed grand theft; the second, petty theft." Grand theft was

11

generally defined as theft of property worth more than $950. (Pen. Code, § 487, subd. (a).) However, the Penal Code made exceptions to this dollar-amount threshold for certain types of property. For example, theft of $250 worth of avocados was grand theft (Pen. Code, § 487, subd. (b)(1)(A)), as was theft of any automobile or firearm (Pen. Code, § 487, subd. (d)(1) [grand theft auto], (d)(2) [firearm]). (See generally Pen. Code, §§ 487–487j.) Penal Code section 488 defines petty theft as "theft in other cases."

Section 490.2 expanded the offense of petty theft by defining it as "obtaining *any* property *by theft* where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)." (§ 490.2, subd. (a), italics added.) A vehicle is property, not otherwise specifically excluded from the scope of section 490.2. (See *People v. Martin* (1921) 53 Cal.App. 671, 672 [recognizing automobiles are personal property]; cf. Pen. Code, § 487, subd. (d)(1) [defining car theft as grand theft (and a wobbler) regardless of value before Proposition 47].) Further, section 490.2 mandates any theft of property valued at less than $950 "*shall* be considered petty theft and *shall* be punished as a misdemeanor."[2] (§ 490.2, subd. (a), italics added.) Thus, the provision explicitly directs prosecutors will *not* have discretion to charge a theft of low-value property, including a low-value car, as a felony. As a result, after the passage of Proposition 47, an offender who obtains a car valued at less than $950 *by theft* must be charged with petty theft and may not be charged as a felon under any other criminal provision.

---

[2] The statute makes an exception for certain violent or serious recidivists.

12

Here, the record discloses Van Orden stole the victim's car, drove it into a reservoir, and left it there. Of the four kinds of section 10851 offenses, Van Orden's is driving theft—theft accomplished by driving the vehicle away—and therefore constitutes a "theft conviction." (*Garza*, *supra*, 35 Cal.4th at p. 871.) His conviction could not alternatively be based on posttheft driving. According to his confession, he stole the car and drove it into the reservoir. There is no evidence he resumed driving after a "substantial break" from the theft. (*Kehoe*, *supra*, 33 Cal.2d at p. 715; *Strong*, *supra*, 30 Cal.App.4th at p. 375.) Put differently, there is only evidence of one incident of driving—the driving to accomplish the theft. Additionally, the evidence shows the car was worth $700, the amount the victim had recently paid for the car and the amount the court directed Van Orden to pay in restitution. (See, e.g., Pen. Code, § 484, subd. (a); *People v. Pena* (1977) 68 Cal.App.3d 100, 103-104 [holding reasonable and fair market value is the test for determining whether a theft offense is a misdemeanor or a felony].)

Had Proposition 47 been in effect at the time Van Orden stole the victim's car, section 490.2 would have required the prosecution to charge him with misdemeanor petty theft. (§ 490.2, subd. (a) [conduct that constitutes petty theft "shall be considered petty theft and shall be punished as a misdemeanor"].) Consequently, Van Orden "would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense," and is therefore entitled under the petitioning process established in section 1170.18 to have his conviction reduced to a misdemeanor "in accordance with Section[] . . . 490.2 . . . of the Penal Code." (§ 1170.18, subd. (a).)

13

C.      *Opposing Arguments*

We are aware the recent appellate decisions in *People v. Johnston* (2016) 247 Cal.App.4th 252 (*Johnston*) (review granted July 29, 2016, C080099) and *People v. Sauceda* (2016) 3 Cal.App.5th 635 (*Sauceda*) (review granted Nov. 30, 2016, S237975) reach the opposite conclusion.  In both cases, the petitioners sought to have their felony section 10851 convictions reduced to misdemeanors under section 1170.18 and the courts concluded the convictions were ineligible for relief as a matter of law.[3]  In our view, these decisions rely on unpersuasive arguments to ignore the clear mandate in section 490.2 that all instances of "obtaining any property by theft" must be punished as misdemeanor petty theft if the property stolen is worth $950 or less.  We take each argument in turn.

1.      *The "definitive list" argument*

In *Johnston*, our colleagues in the Third District concluded subdivision (a) of section 1170.18 contains a definitive list of offenses that are eligible for reduction under Proposition 47.  (*Johnston*, *supra*, 247 Cal.App.4th at p. 257.)

---

[3] Courts are split on whether some section 10851 convictions are eligible for Proposition 47 relief.  Most of the cases dealing with this issue were taken up by the California Supreme Court for review before July 1, 2016, and are no longer citable authority (see Cal. Rules of Court., rule 8.1115(e)).  (See, e.g., *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 9, 2016, S232250; *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150.)

The text of section 1170.18 pertinent to this argument provides that when a court has determined a petitioner still serving time on his sentence is entitled to relief under Proposition 47, the court must then resentence the petitioner "in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." (§ 1170.18, subd. (a).) Citing to the interpretive maxim *expressio unius est exclusio alterius*—when a statute expressly mentions one or more things in a class, the omission of other things in the class indicates the lawmaker intended their exclusion[4]—the *Johnston* court concluded section 10851's absence from the above list of provisions demonstrates an intention to exclude the offense from the initiative's purview. The court reasoned: "The plain language of section 1170.18 selected only a few provisions of the Health and Safety Code and the Penal Code as offenses to designate as misdemeanors from the multitude of overlapping crimes. This careful parsing of related items invokes one of those Latin phrases that courts love to brandish: '*[E]xpressio unius est exclusio alterius*,' . . . The statute itself does not qualify its enumeration of the statutes with any general language of inclusion (e.g., "such as" or "including"), nor can we discern any logical reason for mentioning only these statutes if there was the intent to include others." (*Johnston*, *supra*, 247 Cal.App.4th at p. 257.) Because section 10851 does not appear in subdivision (a) of section 1170.18, the court concluded "unlawfully taking or driving a vehicle does not come within the ambit of [Proposition 47]." (*Johnston*, at pp. 255, 257.)

---

[4] See, e.g., *Strang v. Cabrol* (1984) 37 Cal.3d 720, 725.

15

While having a list of offenses affected by Proposition 47 would certainly be helpful for deciding section 1170.18 petitions, no such list exists.  Section 1170.18, subdivision (a) lists provisions that establish new misdemeanor *penalties*, not provisions containing affected substantive offenses.  Were it a list of affected substantive offenses, it would contain provisions like Penal Code sections 487 (grand theft), 459 (burglary), 476 (forgery, counterfeiting), and 504 (embezzlement).  None of these provisions appears in the list, and yet no court has used the *expressio unius* maxim to conclude these offenses are not affected by Proposition 47.  These provisions do not appear on the list because they set out substantive offenses whose *penalties* the voters amended by enacting the penalty provisions section 1170.18, subdivision (a) does list.

Because section 10851 also sets out a substantive offense whose penalty Proposition 47 amended, section 10851 does not belong in a list of provisions containing new penalties.  The absence of section 10851 from the list therefore implies nothing, and we cannot use the *expressio unius* maxim as an interpretive aid.  Section 490.2, which redefines petty theft *and sets out the punishment* for the new crime, *does* appear in section 1170.18's list of new penalties, and it is that new provision (§ 490.2) which controls all low-value car thefts.

That section 1170.18 does not contain a definitive list of eligible offenses is obvious from the location of the list in the statute.  It appears in subdivision (a) of section 1170.18, which governs the retroactive *resentencing* of eligible offenders under new misdemeanor *sentencing* provisions.  By contrast, the list does not appear in the

16

subdivision of section 1170.18 that applies to offenders who have already completed their sentences and seek *redesignation only*, not resentencing. (§ 1170.18, subd. (f) ["A person who has completed his or her sentence for a conviction . . . who would have been guilty of a misdemeanor under this act . . . may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors"].)

Rather than offer a list of eligible offenses, Proposition 47 requires courts to read any relevant criminal provisions in the Penal Code, Health and Safety Code, and Vehicle Code to discern whether a petitioner's offense of conviction must be reduced to a misdemeanor and, if the petitioner is still serving time on the conviction, whether to resentence the petition under the new and amended penalty provisions listed in section 1170.18, subdivision (a). Only after doing so will the court be equipped to follow the statutory directive to determine whether a petitioner "would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense." (§ 1170.18, subds. (a), (b), (f), (g).)

2.      *The opening clause of section 490.2*

As further support for its conclusion, the *Johnston* court pointed to the opening clause of section 490.2, which clarifies the definition of petty theft contained therein applies "'[n]otwithstanding Section 487' . . . 'or any *other* provision of law *defining grand theft*.'" (*Johnston*, *supra*, 247 Cal.App.4th at pp. 255-256.) The court viewed section 10851's absence from this clause as another indication the drafters intended to

17

exclude the offense from Proposition 47's purview. We disagree with this interpretation. The opening clause is set off by a comma, which indicates it is nonrestrictive. (Garner's Modern English Usage, (4th ed. 2016) pp. 995, 1016.) Omitting the opening clause does not alter the meaning of the remainder of the sentence; the independent clause containing the definition of petty theft stands on its own and means what it says—the act of "obtaining any property by theft where the value . . . does not exceed nine hundred fifty dollars ($950)" constitutes petty theft and must be charged as a misdemeanor. (§ 490.2, subd. (a).)

In our view, the purpose of the opening clause is to clarify that section 490.2's new definition of petty theft abolished the former theft regime that utilized property categories (e.g., cars and avocados) and replaced it with an entirely value-based regime— the $950 threshold. The clause is meant to eliminate any previous categorization of thefts, such that all theft offenses—regardless of whether the statute setting out the theft explicitly identified it as grand or petty—must be considered petty if the offense involves property worth $950 or less. As Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow observe in their treatise on Proposition 47, "[n]o effort was made to include [in section 490.2(a)] every conceivable offense which may be classified as theft." (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016) p. 119, at <http://www.courts.ca.gov/documents/Prop–47–Information.pdf> [as of Mar. 21, 2017].) And, like section 1170.18, section 490.2 does not contain a definitive list of affected offenses.

18

### 3. *Penal Code section 666 and the maxim against surplusage*

Proposition 47 amended Penal Code section 666 (petty theft with prior, hereafter section 666) and reduced the maximum prison sentence from three years to one year. Eligible predicates include prior convictions for "petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery," and receiving stolen property. (§ 666, subd. (a).) The *Johnston* and *Sauceda* courts reasoned that by amending section 666, but leaving section 10851 convictions in the list of eligible predicates, the drafters demonstrated their intention to exclude section 10851 from Proposition 47. (*Johnston*, *supra*, 247 Cal.App.4th at p. 256; *Sauceda*, *supra*, 3 Cal.App. 5th at pp. 649-650.) This argument is based on the interpretive maxim advising against "a construction that renders a word surplusage." (See, e.g., *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 799.) According to this argument, allowing section 10851 to remain alongside "grand theft" and "petty theft" indicated the drafters did not consider section 10851 a species of grand or petty theft. In other words, if the drafters considered violations of section 10851 grand or petty theft, they would not have designated it a separate predicate in section 666.

This argument is mistaken. The reference to section 10851 in section 666 is not rendered surplus by treating section 10851 vehicle thefts as grand or petty thefts. The reference to section 10851 in section 666 is necessary to make clear the provision covers

19

convictions for unlawful driving as wells as thefts of the specialized vehicles described in subdivision (b) of section 10851.[5]

Further, the maxim against surplusage is simply a discretionary guideline to aid in ascertaining the meaning of a statute. Interpretive maxims should not be rigidly employed if doing so would contravene the plain meaning of an unambiguous statute like section 490.2. "When the plain meaning of the statutory text is insufficient to resolve the question of its interpretation, the courts may turn to rules or maxims of construction 'which serve as aids in the sense that they express familiar insights about conventional language usage.'" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663, italics added.) Employing the maxim against surplusage to override the plain text of section 490.2 allows the tail to wag the dog.

4. *Garza and the operation of section 10851*

Finally, we address the *Sauceda* court's discussion of the applicability of *Garza* in Proposition 47 cases. In *Sauceda*, our colleagues in the Fifth District acknowledged "a subset of criminal convictions under Vehicle Code section 10851 *could be eligible for resentencing* due to the California Supreme Court's analysis in *Garza*," which held some

---

[5] Section 10851, subdivision (b) criminalizes theft of ambulances, distinctively marked law enforcement or fire department vehicles on emergency calls, and vehicles that have been modified for the use of a disabled veteran or any other disabled person and display a distinguishing placard or plate. Proposition 47 does not affect this offense because a specific provision relating to a particular subject (§ 10851, subd. (b)) applies over a general provision relating to the same subject (§ 490.2). (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577; see Pen. Code, § 7.5 [preference for particular over general when statutes conflict].)

20

violations of section 10851 qualify as theft convictions. (*Sauceda*, *supra*, 3 Cal.App.5th at p. 645, italics added.) However, despite *Garza's* clear guidance on the differences between theft and unlawful driving convictions (see part II.A, *ante*), the *Sauceda* court suggested the opinion is inapplicable to Proposition 47 cases because it involved the "long-standing" interplay between section 10851 and the common law prescription against separate convictions for stealing and receiving the same property, whereas there was "no long-standing history suggesting an interplay between a conviction under Vehicle Code section 10851 and the rights introduced under Proposition 47." (*Sauceda*, at pp. 645-646.)

It is certainly true there is no long-standing interplay between section 10851 and Proposition 47, but this is so only because Proposition 47 is brand new. In our view, the fact the voters enacted Proposition 47 recently is no reason to ignore our high court's view of section 10851's general application. In *Garza*, the court explained how the often-perplexing statute, which "proscribes a wide range of conduct," could be broken down and understood. (*Garza*, *supra*, 35 Cal.4th at p. 876.) We see nothing about the court's discussion of 10851 that indicates it should be limited to cases involving the common law rule against separate convictions for stealing and receiving the same property. Further, we presume the voters were aware of *Garza* when they enacted Proposition 47. (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1015 [it is presumed the electorate is aware of cases bearing on enacted statutory schemes].)

21

In any event, the *Sauceda* court clarified it ultimately took "no position" on whether the offense would qualify for resentencing *had the offense been theft-based*, as is Van Orden's offense. (*Sauceda*, *supra*, 3 Cal.App.5th at pp. 646-647.) The court noted, "there [was] no factual support for the conclusion that [the] appellant was convicted only of a theft-based Vehicle Code violation." (*Ibid*.) We therefore do not read *Sauceda* as disagreeing with the specific conclusion of this case, which is that *theft* convictions under section 10851 like Van Orden's are eligible for Proposition 47 relief where the vehicle stolen was worth $950 or less.

D.    *Voters' Intent*

Even if it were ambiguous under the plain text of section 490.2 whether the new definition of petty theft covered low-value car thefts under section 10851, the legislative history of Proposition 47 supports our conclusion. (See *People v. Rizo* (2000) 22 Cal.4th 681, 685 [when the language of an initiative is ambiguous, courts may look to "'other indicia of the voters' intent'" to determine the initiative's meaning].) Proposition 47's overall purpose is to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 47, § 2, p. 70.) To achieve that end, the measure "[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft" and should be "broadly construed to accomplish its purposes." (*Id.*, §§ 3, 15, 18, pp. 70, 74.)

22

A broad construction of section 490.2 applies the new definition of petty theft to *all vehicle thefts* where the vehicle is worth $950 or less, not just vehicle thefts under Penal Code section 487, subdivision (d)(1).

Again, *Johnston* and *Sauceda* reach the opposite conclusion. (*Johnston*, *supra*, 247 Cal.App.4th at p. 258; *Sauceda*, *supra*, 3 Cal.App.5th at pp. 647-659.) The *Sauceda* court found the legislative history devoid of any voter intent to affect section 10851 because the official voter information guide did not specifically mention the offense. To the contrary, the voter information guide underscores an intent to reduce punishment for low-value vehicle theft *of any kind*. It states: "This measure would limit when theft of property of $950 or less," "*such as cars*," "can be charged as grand theft." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) Reference to car theft generally, and not to any specific code section, indicates the voters understood Proposition 47 to eliminate prosecutorial discretion regarding any kind of low-value car thefts.

No one disagrees Proposition 47 was intended to prohibit prosecutors from charging low-value car thefts as felony Penal Code section 487, subdivision (d)(1) violations. Interpreting Proposition 47 to exclude section 10851 creates an end-run around this prohibition. It allows prosecutors to simply choose to charge low-value car thieves as felons under section 10851 instead of as misdemeanants. Such an outcome contravenes the voters' clear intent to reduce prison spending and redirect the savings to community-based programs by lessening the punishment for low-value car thefts to

23

misdemeanors.  Our understanding of the interplay between section 10851 and section 490.2 advances that intent.

### III

### DISPOSITION

We reverse the order denying Van Orden's petition and remand with directions to grant the petition.

CERTIFIED FOR PUBLICATION

SLOUGH                          
                                    J.

I concur:

MILLER                    
                J.

[*People v. Charles Samuel Van Orden—E066432*]

HOLLENHORST, J., Dissenting.

I continue to adhere to my previously published view that Penal Code section 10851 convictions do not fall within the scope of relief provided by Proposition 47. For that reason, I would affirm, pending the California Supreme Court's final resolution of the issue. (See, e.g., *People v. Page*, review granted Jan. 27, 2016, S230793.)

HOLLENHORST

Acting P. J.
